IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRUCE OAKELEY,**

    **Plaintiff,**

v.                                                No. 1:20-cv-00257-SCY-KK

**NEW MEXICO DEPARTMENT OF TRANSPORTATION,**

    **Defendant.**

## ANSWER TO COMPLAINT FOR CIVIL DAMAGES

COMES NOW Defendant New Mexico Department of Transportation ("NMDOT"), by and through its attorneys, Conklin, Woodcock, & Ziegler, P.C. (Christa M. Hazlett and Carol Dominguez Shay), and for its Answer to Plaintiff's Complaint for Civil Damages ("Complaint"), states as follows:

### RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

1.    NMDOT is without information to admit or deny the allegations of Paragraph 1, and therefore denies same.

2.    NMDOT admits the allegations in Paragraph 2.

3.    NMDOT admits the allegations in Paragraph 3.

4.    NMDOT admits the allegations in Paragraph 4.

5.    NMDOT admits the allegations in Paragraph 5.

### RESPONSE TO GENERAL ALLEGATIONS

6.    NMDOT admits the allegations in Paragraph 6, Sentence 1. In response to the allegations in Paragraph 6, Sentence 2, NMDOT states that Plaintiff later held the position of Chief Information Officer.

7. NMDOT admits the allegations of Paragraph 7.

8. NMDOT admits that Plaintiff reported concerns regarding employee overtime to the Secretary in April 2019. NMDOT denies the remaining allegations of Paragraph 8.

9. NMDOT is without sufficient information to admit or deny the allegations in Paragraph 9, and therefore denies same.

10. NMDOT denies the allegations in Paragraph 10.

11. NMDOT is without sufficient information to admit or deny the allegations in Paragraph 11, and therefore denies same.

12. NMDOT is without sufficient information to admit or deny the allegations in Paragraph 12, and therefore denies same.

13. Paragraph 13 appears to be offered in an attempt to prove the validity or value of Plaintiff's claims, and therefore is improper and should be stricken from the record. As a result, NMDOT will not provide a response to this paragraph.

14. Paragraph 14, Sentence 1, appears to be offered in an attempt to prove the validity or value of Plaintiff's claims, and therefore is improper and should be stricken from the record. As a result, NMDOT will not provide a response to the first sentence of Paragraph 14. NMDOT admits the allegations in Paragraph 14, Sentence 2. NMDOT is without sufficient information to admit or deny the allegations in Paragraph 14, and therefore denies same.

15. In response to the allegations in Paragraph 15, Sentence 1, NMDOT admits that Plaintiff has stated a portion of the bases for the Notice of Contemplated Action. NMDOT denies the allegations in Paragraph 15, Sentence 2.

16. NMDOT denies the allegations in Paragraph 16, Sentences 1-2.

17. NMDOT is without sufficient information to admit or deny the allegations in Paragraph 17 in part because the Paragraph is vague.

18. NMDOT denies the allegations in Paragraph 18.

19. NMDOT admits that Plaintiff was terminated from his position, but denies the remaining allegations in Paragraph 19.

20. NMDOT denies the allegations in Paragraph 20.

21. NMDOT denies the allegations in Paragraph 21.

**RESPONSE TO COUNT I – VIOLATION OF THE
NEW MEXICO WHISTLEBLOWER PROTECTION ACT**

22. In response to Paragraph 22, NMDOT incorporates all preceding paragraphs as though fully set forth herein.

23. In response to Paragraph 23, NMDOT admits that Plaintiff was a public employee.

24. NMDOT is without sufficient information to admit or deny the allegations of Paragraph 24, and therefore denies same.

25. NMDOT is without sufficient information to admit or deny the allegations in Paragraph 25, and therefore denies same.

26. NMDOT denies all allegations in Paragraph 26.

27. NMDOT denies all allegations in Paragraph 27.

**RESPONSE TO COUNT II – RETALIATION UNDER THE FMLA**

28. In response to Paragraph 28, NMDOT incorporates all preceding paragraphs as though fully set forth herein.

29. NMDOT denies all allegations in Paragraph 27, Sentences 1-2.

30. NMDOT denies all allegations in Paragraph 30.

31. NMDOT denies all allegations in Paragraph 31.

## RESPONSE TO PRAYER FOR RELIEF

NMDOT denies that Plaintiff is entitled to any of the relief sought.

## GENERAL DENIAL

NMDOT denies all allegations of all paragraphs of the Complaint which are not specifically admitted above, including any statements or conclusions of law contained therein, and denies that Plaintiff is entitled to any relief.

## SECOND DEFENSE

NMDOT had legitimate, non-discriminatory and non-retaliatory reasons for all actions taken with respect to Plaintiff.

## THIRD DEFENSE

All of NMDOT's actions were justified and/or privileged, NMDOT acted in good faith, pursuant to bona fide legitimate business rights, reasons, purposes, or privileges, and NMDOT acted without improper motive, improper means, wrongful act or intent to injure the Plaintiff.

## FOURTH DEFENSE

Depending on discovery, Plaintiff's claims may be barred in whole or in part by his failure to mitigate his damages.

## FIFTH DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver, estoppel, bad faith and unclean hands.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in whole or in part.

**SEVENTH DEFENSE**

Plaintiff's damage claims may be barred in whole or in part by other causes, contributing factors and circumstances, proximate causes, and/or independent and intervening causes, including all acts and conduct of Plaintiff.

**EIGHTH DEFENSE**

Depending on discovery, Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine or defense.

**NINTH DEFENSE**

To the extent Plaintiff seeks special damages or emotional distress damages, such damages are not allowed under the FMLA.

**TENTH DEFENSE**

Plaintiff's claims may be barred by the applicable statute of limitations.

**ELEVENTH DEFENSE**

To the extent Plaintiff alleged that a practice, procedure, action or failure to act on the part of NMDOT was improper or unlawful, he did not communicate his complaint to the NMDOT or a third party.

**TWELFTH DEFENSE**

Plaintiff did not participate in an investigation into NMDOT's practices, and/or did not object or refuse to participate in an allegedly improper or unlawful act.

**THIRTEENTH DEFENSE**

Plaintiff's actions were not undertaken in good faith.

### FOURTEENTH DEFENSE

NMDOT did not take any discriminatory or adverse employment actions against Plaintiff in the terms and conditions of his employment because he allegedly engaged in protected activity.

### FIFTEENTH DEFENSE

Any and all actions taken by NMDOT against Plaintiff were due to his misconduct and unrelated to conduct prohibited pursuant to the New Mexico Whistleblower Protection Act, and retaliatory action was not a motivating factor.

### SIXTEENTH DEFENSE

There is no causal connection between any alleged protected activity taken by Plaintiff under any New Mexico or federal law and his termination.

### SEVENTEENTH DEFENSE

Plaintiff may have requested leave under the Family and Medical Leave Act ("FMLA") for unjustified reasons.

### EIGHTEENTH DEFENSE

Plaintiff may have failed to provide sufficient notice of his request for leave under the FMLA.

### NINTEENTH DEFENSE

NMDOT did not retaliate against, or interfere with, Plaintiff's FMLA rights.

### TWENTIETH DEFENSE

One or more of Plaintiff's claims may be barred by the doctrine of sovereign immunity, including but not limited to immunity granted by the 11th Amendment to the U.S. Constitution and immunity granted under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

**TWENTY-FIRST DEFENSE**

NMDOT hereby gives notice that it intends to rely upon any other defense that may be applicable or appear during the proceedings in the case and hereby reserves its right to amend its Answer and to assert such defense(s).

WHEREFORE, having fully answered, NMDOT requests that the Complaint be dismissed, with prejudice, that the Court award NMDOT its costs and attorney's fees incurred herein, and such further relief as may be just and proper.

Respectfully Submitted,

CONKLIN, WOODCOCK, & ZIEGLER, P.C.

By: /s/ Christa M. Hazlett
Christa M. Hazlett
320 Gold SW, Suite 800
Albuquerque, NM 87102
(505) 224-9160
Attorneys for Defendant
New Mexico Department of Transportation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of March, 2020, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Donald G. Gilpin
Christopher Machin
6100 Indian School Rd., N.E.
Suite 115
Albuquerque, NM 87110
ggd48@aol.com
cmachin@thegilpinlawfirm.com

  */s/ Christa M. Hazlett*
Christa M. Hazlett